# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

SHAWN McGARVEY,
        Petitioner,

v.                                                   Case No. 04-C-0629

THOMAS BORGAN,
        Respondent.

## DECISION AND ORDER

Pro se petitioner Sean McGarvey, a Wisconsin state prisoner, seeks a writ of habeas corpus pursuant to 28 U.S.C. § 2254 challenging his state court conviction of operating a motor vehicle while intoxicated (fifth or subsequent offense) for which he was sentenced to 36 months in prison. Petitioner challenges his conviction on the grounds that: (1) he was not afforded an opportunity to fully and fairly litigate his claim that the police lacked probable cause to stop his vehicle; and (2) his trial and appellate counsel were ineffective.

## I. FACTS

Petitioner was stopped by a Village of Pewaukee police officer after the officer saw him pause at an intersection for eight to ten seconds after the light turned green, then deviate several times within his lane of travel. After pulling him over, the officer determined that petitioner was intoxicated and arrested him. Petitioner brought a motion to suppress challenging the constitutionality of the stop, but the trial court denied the motion. Petitioner pled guilty, then, represented by new counsel, appealed the trial court's denial of the motion to suppress.[1] The state court of appeals affirmed the trial court's decision, and petitioner did

---

[1] Wis. Stat. § 971.31(c)(10) allows a defendant to appeal an "order denying a motion to suppress evidence . . . notwithstanding the fact that [the] judgment was entered upon a plea of guilty."

not seek review in the state supreme court. Petitioner then filed a pro se petition for habeas corpus in the state court of appeals under State v. Knight, 168 Wis. 2d 509 (1992), arguing that his appellate counsel was ineffective for framing the issue as whether reasonable suspicion, rather than probable cause, was necessary to justify the stop. The court of appeals denied the petition, and again, petitioner did not seek review in the state supreme court.

## II. DISCUSSION

### A. Procedural Default

Section § 2254(b)(1)(A) authorizes the issuance of a writ of habeas corpus only if the petitioner has exhausted all available state remedies. To meet the exhaustion requirement, the petitioner must have raised all of his claims during the course of the state proceedings, presenting each claim fully and fairly to the state courts. Rodriguez v. Scillia, 193 F.3d 913, 916 (7th Cir. 1999). A petitioner presents his claims fully "by pursuing all available avenues of relief provided by the state before turning to the federal courts." Kurzawa v. Jordan, 146 F.3d 435, 440 (7th Cir. 1998). "If a prisoner fails to present his claims in a petition for discretionary review to a state court of last resort, those claims are procedurally defaulted." Rodriguez, 193 F.3d at 917 (citing O'Sullivan v. Boerckel, 526 U.S. 838, 848 (1999)).

In the present case, petitioner did not seek state supreme court review either of the court of appeals's decision affirming the denial of his motion to suppress, or the court of appeals's decision denying his Knight petition. In addition, he did not raise his claim of ineffective assistance of trial counsel at any phase of the proceedings in state court. Therefore, petitioner has procedurally defaulted all of his claims.

A federal habeas court may only review defaulted claims if the petitioner shows "cause for failure to raise them at the appropriate time and actual prejudice which resulted from such failure." Id. (citing Wainwright v. Sykes, 433 U.S. 72, 91 (1977)). "Absent such a showing,

2

a defaulted claim is reviewable only if refusal to consider it would result in a 'fundamental miscarriage of justice,' that is, where 'a constitutional violation has probably resulted in the conviction of one who is actually innocent . . . .'" Id. (quoting Murray v. Carrier, 477 U.S. 478, 495-96 (1986)); see also Coleman v. Thompson, 501 U.S. 722, 750 (1991).

Petitioner makes no effort to show cause for his procedural default. Rather, he argues in his reply brief that his Fourth Amendment claim cannot be defaulted under Verdin v. O'Leary, 972 F.2d 1467, 1479-80 (7th Cir. 1992). The cited pages of Verdin concerned whether the petitioner in that case fairly presented a constitutional claim when he relied only on state cases. Verdin did not hold that certain claims could not be defaulted. Thus, petitioner has failed to demonstrate that there is an excuse for his default.

In his main brief, petitioner makes passing reference to the Coleman, contending that failure to hear his claims will result in a fundamental miscarriage of justice. However, he fails to develop the argument and thus waives it. See Campania Mgmt. Co. v. Rooks, Pitts & Poust, 290 F.3d 843, 852 n.6 (7th Cir. 2002) (holding that perfunctory and undeveloped arguments are waived). Moreover, at no point does petitioner contend that failure to review his claims will result in the continued detention of an innocent person.

For all of these reasons, I conclude that petitioner's claims are procedurally defaulted and that habeas review is thus foreclosed.

**B.    Merits**

Even if petitioner had not defaulted his claims and/or there was an excuse for his default, I would deny the petition on the merits.

    **1.    Fourth Amendment Claim**

In Stone v. Powell, 428 U.S. 465 (1976), the Supreme Court "limited the role of the federal courts in evaluating Fourth Amendment claims of state prisoners who, relying on the

exclusionary rule, contend that allegedly unconstitutionally seized evidence should not have been used against them." Cabrera v. Hinsley, 324 F.3d 527, 530 (7th Cir.), cert. denied, 540 U.S. 873 (2003). The Court held that "where the State has provided an opportunity for full and fair litigation of a Fourth Amendment claim, a state prisoner may not be granted federal habeas corpus relief on the ground that evidence obtained in an unconstitutional search or seizure was introduced at his trial." Stone, 428 U.S. at 494. The accused receives a full and fair opportunity to litigate if (1) he has clearly informed the state court of the factual basis for that claim and has argued that those facts constitute a violation of his Fourth Amendment rights, and (2) the state court has carefully and thoroughly analyzed the facts and (3) applied the proper constitutional case-law to the facts. Hampton v. Wyant, 296 F.3d 560, 563 (7th Cir. 2002). The third factor does not require the state courts to decide the issue correctly; rather, the state courts need only "look to the appropriate body of decisional law." Id.

Petitioner received a full and fair opportunity to litigate his Fourth Amendment claim. He filed a motion to suppress based on the illegality of the stop, the trial court held a hearing before denying the motion, and the state appellate court reviewed the denial under Fourth Amendment case-law. The state courts did not refuse to consider petitioner's motion or to apply the Fourth Amendment, and there is no evidence that the state judges were bribed, sleepwalking or had their minds closed. Cabrera, 324 F.3d at 531-32.

Petitioner argues that he did not receive a full and fair opportunity because the state court applied the reasonable suspicion rather than the probable cause standard. He relies on State v. Longcore, 226 Wis. 2d 1, 8 (Ct. App. 1999), aff'd by an equally divided court, 233 Wis. 2d 278 (2000), in which the court agreed that probable cause was the proper standard for evaluating a traffic stop. The specific issue in that case was "whether an officer has probable cause that a law has been broken when his interpretation of the law is incorrect."

4

Id. at 9. The court "conclude[d] that when an officer relates the facts to a specific offense, it must indeed be an offense; a lawful stop cannot be predicated upon a mistake of law." Id. The court found that the reasonable suspicion standard was inapposite in that case because the officer stopped the defendant for an alleged equipment violation committed in his presence, not to investigate whether he had committed a crime. Id. at 8.

In the present case, petitioner argues that the state courts erred because, while the officer stated that he stopped petitioner for an unsafe lane deviation, petitioner had not, in fact, commit that offense under Wisconsin's traffic code. Even assuming that the state courts' failure to apply Longcore could constitute a deviation from accepted Fourth Amendment practice so severe that petitioner was denied a full and fair opportunity to litigate his claim,[2] petitioner's argument fails. The state court of appeals did not find that the officer was entitled to stop petitioner based on reasonable suspicion that petitioner had committed an unsafe lane deviation. Rather, the court held that under the totality of the circumstances the officer had reasonable suspicion to believe that petitioner was driving while intoxicated. (Answer Ex. E at 4.) Petitioner does not argue that Longcore or any other case required the officer to have probable cause before pulling him over for suspected drunk driving. The fact that the officer may have told petitioner that he was being stopped for an unsafe lane deviation did not limit the courts' review to that rationale. The Supreme Court has made clear that the Fourth Amendment standard is objective, making the officer's subjective intentions irrelevant. See Whren v. United States, 517 U.S. 806, 813 (1996). Therefore, petitioner has failed to show that the Wisconsin courts failed to afford him a full and fair opportunity to litigate his claim.

---

[2]It appears that the Wisconsin appellate judiciary has not definitively resolved whether Longcore should apply to a stop in a drunk driving case. See City of Brookfield v. Ulmen, 2001 WI App 166 (unpublished decision declining to apply Longcore to drunk driving stop). Further, the Wisconsin supreme court split three-to-three on review of Longcore.

Finally, even if petitioner could show that the state courts failed to take his Fourth Amendment claim seriously, he cites no Supreme Court cases that the state courts' decisions were contrary to or unreasonably applied. See 28 U.S.C. § 2254(d). Even if the state courts erred – and it is far from clear that they did – habeas relief may be granted only if their decisions were also unreasonable in light of clearly established Supreme Court case-law. See, e.g., Owens v. Frank, 394 F.3d 490, 497 (7th Cir. 2005). Petitioner has failed to make such a showing.

### 2. Ineffective Assistance Claims

In order to show ineffective assistance, petitioner must demonstrate that his lawyers performed deficiently and that as a result he suffered prejudice. Strickland v. Washington, 466 U.S. 668, 687 (1984). Petitioner's sole contention of deficient performance lies in his lawyers' framing of the issue in his stop motion as whether there was reasonable suspicion rather than probable cause. The state court of appeals denied petitioner's Knight petition, concluding that counsel was not ineffective because reasonable suspicion was the proper standard for this traffic stop. Relying again on Longcore, petitioner argues that the state court erred in denying his petition.

As noted, a writ of habeas corpus may be granted only if the state court decision on the merits of the petitioner's claim (1) was "contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States," 28 U.S.C. § 2254(d)(1); or (2) "was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding," 28 U.S.C. § 2254(d)(2).

> A state court decision is "contrary to" Supreme Court precedent "if the state court arrives at a conclusion opposite to that reached by [the Supreme] Court on a question of law" or "if the state court confronts facts that are materially

indistinguishable from a relevant Supreme Court precedent and arrives at a result opposite to [that reached by the Supreme Court]." Williams v. Taylor, 529 U.S. 362, 405 (2000). An "unreasonable application" of Supreme Court precedent occurs when "the state court identifies the correct governing legal rule . . . but unreasonably applies it to the facts of the particular state prisoner's case" or "if the state court either unreasonably extends a legal principle from [the Court's] precedent to a new context where it should not apply or unreasonably refuses to extend that principle to a new context where it should apply." Id. at 407; see also Jackson v. Miller, 260 F.3d 769 (7th Cir. 2001).

Dixon v. Snyder, 266 F.3d 693, 700 (7th Cir. 2001) (footnote omitted; alteration in original).

In the present case, the state court of appeals cited the proper standard from Strickland and reasonably concluded that counsel did not perform deficiently thereunder. The court noted that reasonable suspicion was the proper standard for a traffic stop for suspected drunk driving under Wisconsin law, see State v. Waldner, 206 Wis. 2d 51, 59 (1996), and that counsel therefore did not err in framing the issue in the manner he did. In denying petitioner's motion for reconsideration, the court further explained that petitioner could not show prejudice based on counsel's failure to cite Longcore because, regardless of the officer's expressed reason for the stop, the driving behavior observed by the officer provided reasonable suspicion for the stop for the purpose of investigating whether petitioner was driving drunk.

Petitioner cites no Supreme Court cases that the state appellate court contravened or unreasonably applied. Therefore, even if the claim was not procedurally defaulted, it fails on the merits.

### III. CONCLUSION

**THEREFORE, IT IS ORDERED** that the petition for habeas corpus relief is **DENIED,** and this case is **DISMISSED.** The Clerk is directed to enter judgment accordingly.

Dated at Milwaukee, Wisconsin, this 27th day of April, 2005.

/s Lynn Adelman
LYNN ADELMAN
District Court Judge

7

Case 2:04-cv-00629-LA   Filed 04/27/05   Page 7 of 7   Document 13